IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| CARLOS YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 15-2575-STA-tmp |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

---

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner Carlos Young ("Young"), Bureau of Prisons register number 22371-076, an inmate at FCI Yazoo City-Medium in Yazoo City, Mississippi (§ 2255 Motion, ECF No. 1). For the reasons stated below, Young's § 2255 Motion for *Johnson* relief is **DENIED**.

## BACKGROUND

On November 18, 2008, a federal grand jury sitting in the Western District of Tennessee returned an indictment against Young charging him with one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g). The parties entered into a plea agreement, and the Court accepted Young's change of plea at a hearing on July 2, 2009. The Court sentenced Young on November 16, 2009, to a term of incarceration of 180 months to be followed by three years' supervised release. (*See* Judgment, ECF No. 41.) Young appealed, and the United States

Court of Appeals for the Sixth Circuit affirmed the Court's judgment on August 19, 2011.

Young filed his § 2255 Motion on September 2, 2015, arguing that he was entitled to a reduced sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Young has also filed a Motion to Supplement (ECF No. 5), in which Young cites subsequent decisions of the Supreme Court and the Court of Appeals on the retroactive application of *Johnson*.[1] Young also argues that his prior convictions for Aggravated Assault and Attempted Second Degree Murder are not violent felonies for purposes of the Armed Career Criminal Act ("ACCA"). Pursuant to Administrative Order 2016-21, the United States Probation Office conducted an initial review of Young's claim under *Johnson v. United States*. On December 14, 2016, the probation officer submitted a memorandum to the Court, recommending that Young was not entitled to any relief under *Johnson*.

## STANDARD OF REVIEW

Young seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of

---

[1] Although styled as a motion, Young's Motion to Supplement does not actually contain a request for relief or court order. Instead, Young states that the brief is a "Memorandum of Points and Authorities" in support of his § 2255 Motion. Therefore, the Court finds it unnecessary to issue a specific ruling as to the Motion to Supplement.

fact or law that was so fundamental as to render the entire proceeding invalid."[2] A § 2255 motion is not a substitute for a direct appeal.[3] "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings."[4] "Defendants must assert their claims in the ordinary course of trial and direct appeal."[5] The rule, however, is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.[6]

Procedural default bars even constitutional claims that a defendant could have raised on direct appeal, but did not, unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise the issues previously.[7] Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence."[8]

---

[2] *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (internal quotation marks omitted).

[3] *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013); *see also Sunal v. Lange*, 332 U.S. 174, 178 (1947).

[4] *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).

[5] *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

[6] *Id.*

[7] *See El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3dd 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).

[8] *Bousley v. United States*, 523 U.S. 614, 662 (1998); *Vanwinkle v. United States*, 645 F.3d 365, 369-70 (6th Cir. 2011).

Dismissal of a § 2255 motion is mandatory if the motion, exhibits, and the record of prior proceedings show that the petitioner is not entitled to relief.[9] If the habeas court does not dismiss the motion, the court must order the United States to file its "answer, motion, or other response within a fixed time, or take other action the judge may order."[10] The petitioner is then entitled to reply to the government's response.[11] The habeas court may also direct the parties to provide additional information relating to the motion.[12] The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.[13]

## **ANALYSIS**

The Court holds that Young is not entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2251 (2015). The Supreme Court in *Johnson* explained that the United States Code makes it a crime against the United States for certain classes of persons, such as convicted felons, to possess firearms and provides for a punishment of up to ten years' imprisonment.[14] The ACCA increases the penalty for unlawful possession of a firearm where the offender has "three or more earlier convictions for a 'serious drug offense' or a 'violent felony'" and sets a minimum term of imprisonment of 15 years and a maximum of life.[15] The ACCA defines a

---

[9] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

[10] *Id*.

[11] Rule 5(d), Section 2255 Rules.

[12] Rule 7, Section 2255 Rules.

[13] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

[14] *Johnson v. United States*, 135 S. Ct. 2251, 2255 (2015) (citing 18 U.S.C. § 924(a)(2)).

[15] *Id.* (citing 18 U.S.C. § 924(e)(1)).

"violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."[16] The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" has come to be known as the ACCA's residual clause.

In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally void for vagueness.[17] *Johnson* left the ACCA's use-of-force clause and enumerated offenses clause undisturbed. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court subsequently held that, as applied to ACCA cases, *Johnson* is a new substantive rule of constitutional law that has been made retroactive to cases on collateral review, and therefore, defendants can bring initial or successive 28 U.S.C. § 2255 petitions challenging their sentences enhanced under the ACCA's residual clause.

The Court sentenced Young as an armed career criminal based on three prior convictions under Tennessee law: (1) Aggravated Robbery (committed in 2000); (2) Aggravated Assault (also committed in 2000); and (3) Criminal Attempt: Second Degree Murder (committed in 2001). However, the Court holds that the Supreme Court's intervening decision in *Johnson* had no effect on Young's sentence as an armed career criminal because none of Young's prior felony offenses implicate the ACCA's residual clause. Young challenges only the Court's use of his

---

[16] 18 U.S.C. § 924(e)(2)(B)

[17] *Johnson*, 135 S. Ct. at 2257.

Aggravated Assault and Attempted Second Degree Murder convictions as qualifying violent felonies. The Court will analyze each of Young's qualifying convictions in turn.

**I. Aggravated Robbery**

First, Young's Aggravated Robbery conviction qualifies as a violent felony under the ACCA's use-of-force clause. Jackson's Aggravated Robbery conviction was based on Tenn. Code Ann. § 39-13-402, which defines certain aggravating factors and applies them to Tennessee's robbery statute, Tenn. Code Ann. § 39-13-401. In *United States v. Mitchell*, 743 F.3d 1054 (6th Cir. 2014), the Sixth Circuit held that robbery under Tenn. Code Ann. § 39-13-401 was categorically a "violent felony" for purposes of the ACCA, specifically under the use-of-force clause.[18] And in *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015), a case decided after the Supreme Court's decision in *Johnson*, the Sixth Circuit held that *Johnson* did nothing to alter its previous holding in *Mitchell*.[19] It follows that Aggravated Burglary constitutes a "violent felony" under the ACCA's use-of-force clause. Therefore, Jackson's prior Aggravated Robbery conviction continues to qualify as a violent felony under the ACCA's use-of-force clause.

**II. Aggravated Assault**

Second, Young's prior Aggravated Assault conviction is also a violent felony under the ACCA's use-of-force clause. Assault is not listed in the ACCA's enumerated offenses clause, and so it will only count as a "violent felony" if it falls under the ACCA's use-of-force clause. The Court must decide then whether Aggravated Assault under Tennessee law "has as an

---

[18] *United States v. Mitchell*, 743 F.3d 1054, 1060 (6th Cir. 2014).

[19] *United States v. Priddy*, 808 F.3d 676, 686 (6th Cir. 2015).

element the use, attempted use, or threatened use of physical force against the person of another." The Supreme Court has defined "physical force" as "*violent* force—that is, force capable of causing physical pain or injury to another person."[20] If a person can be guilty under a statute for conduct not involving the use, attempted use, or threatened use of physical force, then the person's offense is not a qualifying predicate felony under the "use-of-physical-force" clause.[21]

The Court's analysis of whether an offense is a "violent felony" generally begins with a close examination of the statute itself to determine if the offense is categorically a violent felony. Under the Supreme Court's categorical approach, courts should look "only to the fact of conviction and the statutory definition—not the facts underlying the offense—to determine whether that definition supports a conclusion that the conviction was for a crime of violence."[22] But where the statute is divisible and it is possible to violate the statute "in a way that would constitute a [violent felony] and in a way that would not,"[23] courts then apply a modified categorical approach. The Court turns to a "limited class of documents to determine which alternative element formed the basis of the defendant's prior conviction."[24] Where as here a

---

[20] *Johnson v. United States,* 559 U.S. 133, 140 (2010) (emphasis in original).

[21] *Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013).

[22] *United States v. Bartee,* 529 F.3d 357, 359 (6th Cir. 2008) (citing *United States v. Armstead,* 467 F.3d 943, 947 (6th Cir. 2006)); *Taylor v. United States,* 495 U.S. 575 (1990).

[23] *In re Sargent*, 837 F.3d 675, 677 (6th Cir. 2016) (citing *United States v. Denson*, 728 F.3d 603, 608 (6th Cir. 2013)).

[24] *Braden v. United States*, 817 F.3d 926, 932 (6th Cir. 2016) (internal brackets and ellipsis omitted).

defendant pleaded guilty to the underlying charge, the so-called *Shepherd* documents "may include the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."[25] The Sixth Circuit has held that Tennessee's aggravated assault statute, Tenn. Code Ann. § 39-13-102, is divisible.[26] Therefore, the Court will proceed to analyze the issue under the modified categorical approach.

In order to determine whether Young's offense was a "violent felony" for ACCA purposes, the Court must now look to the so-called *Shepherd* documents, meaning "the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."[27] The May 8, 2001 indictment charged in count 2 that Young "did unlawfully and knowingly commit an assault on Terry Butler and by use of a deadly weapon, to wit: a firearm, cause bodily injury to the said Terry Butler, in violation of T.C.A. 39-13-102 . . . ."[28] The indictment did not allege which specific paragraph of the statute Young had violated, though it appears that Young was charged with violating Tenn. Code Ann. § 39-13-102(a)(1)(A)(iii), which defines one kind of aggravated assault as "[i]ntentionally or knowingly commit[ting] an assault as defined in § 39-13-101, and the assault [i]nvolved the use

---

[25] *Id.* (citing *Shepard v. United States,* 544 U.S. 13, 16 (2005)).

[26] *Id.* at 881 n. 2 ("As explained above, however, [Tenn. Code Ann.] § 39–13–102 is divisible, and therefore it is necessary to use the modified-categorical approach to determine whether Adams's [aggravated assault] conviction qualifies as a crime of violence.").

[27] *United States v. Denson,* 728 F.3d 603, 612 (6th Cir. 2013) (citing *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

[28] Count 1 of the same indictment charged Young with aggravated assault by causing serious bodily injury to Terry Butler in violation of Tenn. Code Ann. § 39-13-102. The Court need not consider what effect, if any, this charge has on the ACCA issue because the state of Tennessee dismissed the charge at sentencing. It is clear from the record then that Young pleaded guilty to count 2, and not count 1.

or display of a deadly weapon . . . ."[29] The record further shows that Young pleaded guilty to count 2 as part of a negotiated plea agreement with the state and was sentenced to four years. The Sixth Circuit has specifically held that assault committed with a deadly weapon under Tenn. Code Ann. § 39-13-102(a)(1)(A)(iii) constitutes a violent felony under the ACCA's use-of-force clause.[30] Therefore, the Court finds then that Young's Aggravated Assault conviction was based on his use of a deadly weapon.

Young argues in his Motion to Supplement (ECF No. 5) that the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) altered the modified categorical approach in such a way that Young's Aggravated Assault conviction can no longer satisfy the ACCA's definition of a violent felony. *Mathis*, however, does not apply in Young's case. The issue presented in *Mathis* was how the categorical approach should apply to the generic felonies, burglary, arson, and extortion, listed in the enumerated offenses clause of the ACCA, and "whether ACCA's general rule—that a defendant's crime of conviction can count as a predicate only if its elements match those of a generic offense—gives way when a statute happens to list various means by which a defendant can satisfy an element."[31] The specific question in *Mathis* was whether the petitioner's prior burglary conviction and the elements of burglary under Iowa law satisfied the generic definition of burglary under the ACCA. The Supreme Court held that

---

[29] Tenn. Code Ann. § 39-13-102(a)(1)(A)(iii).

[30] *Braden*, 817 F.3d at 933 (citing *United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015)).

[31] *Mathis v. United States*, 136 S.Ct. 2243, 2251 (2016); *United States v. Ritchey*, 840 F.3d 310, 316 (6th Cir. 2016).

9

no exception applied and that Iowa's burglary statute did not satisfy the ACCA's generic definition of burglary.

*Mathis* is instructive but does not control the outcome here. Unlike burglary, assault is not one of the ACCA's enumerated offenses, and Young's Aggravated Assault conviction qualifies as a violent felony under the ACCA's use-of-force clause. Young has not shown then why the Court should compare the elements of Aggravated Assault under Tennessee law to a generic definition of assault. And as previously noted, the Sixth Circuit has concluded that Tenn. Code Ann. § 39-13-102, Tennessee's aggravated assault statute, is divisible and appropriate for the modified categorical approach. Therefore, the Court concludes that Young's Aggravated Assault conviction constitutes a violent felony under the ACCA's use-of-force clause.

**III. Criminal Attempt: Second Degree Murder**

Finally, Young's prior Criminal Attempt: Second Degree Murder conviction is a violent felony under the ACCA's use-of-force clause. As an initial matter, the fact that Young's prior offense was an attempt has no bearing on the Court's analysis. The use-of-force clause itself is based on the "use, attempted use, or threatened use of physical force against the person of another."[32] Moreover, just as with assault, murder is not listed in the ACCA's enumerated offenses clause, and so the Court must decide whether Second Degree Murder under Tennessee law "has as an element the use, attempted use, or threatened use of physical force against the person of another." The relevant version of Tenn. Code Ann. § 39-13-210 read as follows:

(a) Second degree murder is:

(1) A knowing killing of another; or

---

[32] 18 U.S.C. § 924(e)(2)(B)(i).

10

(2) A killing of another that results from the unlawful distribution of any Schedule I or Schedule II drug, when such drug is the proximate cause of the death of the user.[33]

The Tennessee Pattern Jury Instructions-Criminal define each form of second degree murder separately. Notably T.P.I. Criminal § 7.05(a) requires proof that a defendant acted knowingly and defines "knowingly" to mean that "a person acts with an awareness that his or her conduct is reasonably certain to cause the death of the alleged victim." Meanwhile, T.P.I. Criminal § 7.05(b) requires proof that a defendant acted intentionally, knowingly, or recklessly.

Based on the disjunctive definition of the crime and the differing mens rea for each type of second degree murder, the Court holds that Tenn. Code Ann. § 39-13-210(a) is divisible. As the Supreme Court explained in *Mathis*, "[a] single statute may list elements in the alternative, and thereby define multiple crimes."[34] The Tennessee Court of Appeals has noted that the statute under which Young was convicted defines two alternative types of second degree murder: "either a 'knowing killing of another,' Tenn. Code Ann. § 39–13–210(a)(1), or . . . the killing of another which results from the unlawful distribution of certain drugs, *id.* at (2)."[35] Perhaps more importantly, one form of second degree murder requires proof that the defendant acted knowingly while the other form of second degree murder requires proof that the defendant acted intentionally, knowingly, or recklessly. In other words, it is possible to commit second degree murder under Tennessee law "in a way that would constitute a [violent felony] and in a way that would not."[36] The Sixth Circuit has held that another crime under Tennessee law, aggravated

---

[33] Tenn. Code Ann. § 39-13-210(a) (2001).

[34] *Mathis*, 136 S.Ct. at 2249.

[35] *State v. Page*, 81 S.W.3d 781, 787 (Tenn. Ct. Crim. App. 2002).

[36] *Cooper*, 739 F.3d at 878.

assault, "is not categorically a violent felony under the ACCA because the statute encompasses reckless as well as intentional conduct."[37] Because of the statute's "disjunctive" elements for each type of second degree murder and differing mens rea, the Court must follow the modified categorical approach to determine whether Young's second degree murder conviction fits under the ACCA's use-of-force clause.[38]

In light of the available *Shepherd* documents, the Court holds that Young's prior conviction for Criminal Attempt-Second Degree Murder falls under the ACCA's use-of-force clause. The April 4, 2002 indictment against Young charged him and a co-defendant with attempted second degree murder "as defined in T.C.A. 39-13-210, in that they did unlawfully and knowingly attempt to kill ANGELOS WASHINGTON." Young subsequently pleaded guilty to the charge and was sentenced to eight years. These additional documents thus show that Young was convicted of the first type of attempted second degree murder, the knowing killing of another, and not the reckless distribution of a controlled substance that caused the death of another. This result is consistent with the Sixth Circuit's recent unreported decision holding that voluntary manslaughter under Georgia law law falls under the ACCA's use-of-force clause because a crime that causes the death of another "necessarily requires proof that the individual used 'force capable of causing physical pain or injury.'"[39] For all of these reasons, the

---

[37] *United States v. Joy*, --- F. App'x ---, 2016 WL 4056053, at *2 (6th Cir. July 29, 2016) (citing *United States v. McMurray*, 653 F.3d 367, 377 (6th Cir. 2011)); *see also Jones v. United States*, 689 F.3d 621, 626 (6th Cir. 2012) ("Reckless use of physical force does not qualify as a violent felony under the ACCA.").

[38] *Mathis*, 136 S.Ct. at 2249.

[39] *United States v. Jackson*, --- F. App'x ---, 2016 WL 3619812, at *2 (6th Cir. July 1, 2016) (citing *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012)). The Georgia

12

Court concludes that Young's conviction constitutes a violent felony under the ACCA's use-of-force clause.

Having determined that all three of Young's prior felony convictions continue to be "violent felonies" for ACCA purposes and do not implicate the ACCA's residual clause, the Court holds that Young is not entitled to relief under *Johnson*. Therefore, Young's §2255 Motion for Johnson relief must be **DENIED**.

## II. Appeal Issues

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."[40] No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue(s) that satisfy the required showing.[41] A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should

---

manslaughter statute at issue in *Jackson* made it a crime to "cause[] the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." *Id.* at *1 (citing Ga. Code Ann. § 16–5–2(a)). Similarly, Tennessee's statute defines voluntary manslaughter as "the intentional or knowing killing of another in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." Tenn. Code Ann. § 39-13-211. It is well-settled under Tennessee law that voluntary manslaughter is a lesser included offense in second degree murder. *State v. Howard*, --- S.W.3d ---,2016 WL 5933430, at *5 (Tenn. Oct. 12, 2016) (Tenn. Code Ann. § 40–18–110(e)). It follows that if Georgia manslaughter is categorically a crime of violence for ACCA purposes, then the first type of Tennessee second degree murder would also be a crime of violence.

[40] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

[41] 28 U.S.C. §§ 2253(c)(2) & (3).

13

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[42] A COA does not require a showing that the appeal will succeed.[43] Courts should not issue a COA as a matter of course.[44]

In this case, for the reasons previously herein and in the previous order of the Court, the issues raised by Young in support of his § 2255 Motion lack substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. Therefore, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.[45] Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[46] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[47] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or

---

[42] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[43] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).

[44] *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

[45] *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

[46] *Id.* at 952.

[47] *See* Fed. R. App. P. 24(a)(1).

otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[48]

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[49]

## CONCLUSION

Young's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is **DENIED**. The Court further denies Young a certificate of appealability, denies leave to proceed in forma pauperis on appeal, and certifies that any appeal in this case would not be taken in good faith.

**IT IS SO ORDERED.**

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON
    UNITED STATES DISTRICT JUDGE

Date: December 16, 2016.

---

[48] *See* Fed. R. App. P. 24(a) (4)-(5).

[49] If Young files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.